UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES ANDREW DANA, | ) |
| | ) CASE NO. C14-0336 RSM |
| Plaintiff, | ) |
| | ) ORDER GRANTING DEFENDANT'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
| | ) AND DENYING PLAINTIFF'S MOTION |
| WESTERN STATES INSULATORS & | ) FOR SUMMARY JUDGMENT |
| ALLIED WORKERS PENSION PLAN, | ) |
| | ) |
| Defendant. | ) |

## I. INTRODUCTION

This matter comes before the Court on the parties' Cross-Motions for Summary Judgment. Dkts. #17 and #20. The parties agree that there are no disputed material facts. Plaintiff argues that Defendant must pay retroactive disability pension benefits back to April 1, 2004, which is what he contends is the earliest date upon which Social Security Disability Insurance ('SSDI') benefits became payable to him. Dkt. #17. Defendant contends that it is only required to pay benefits back to January 2009, which it has already done, because that is the date Plaintiff began receiving SSDI benefits. Dkt. #20. For the reasons discussed herein, the Court agrees with Defendant and GRANTS Defendant's Motion for Summary Judgment and DENIES Plaintiff's Motion for Summary Judgment.

## II. BACKGROUND

This case arises out of a denial of retroactive disability benefits under Defendant Pension Plan. Dkt. #1. Plaintiff had been a pipe insulator since 1980, and was a member of

ORDER
PAGE - 1

Heat and Frost Insulators and Asbestos Workers Local #7. As such, he was a beneficiary of Defendant Pension Plan. Dkt. #1 at ¶¶ 7-8. Plaintiff worked as a pipe insulator until October 30, 2003, when he stopped working due to disability. *Id.* at ¶¶ 9-10. He apparently received time loss benefits through the Washington Department of Labor & Industries ('L&I') until January 15, 2010, at which time the Department determined he was completely disabled and placed him on pension effective January 16, 2010. *Id.* at ¶ 10.

Plaintiff then applied for disability benefits from Defendant Pension Plan. *Id.* at ¶¶ 11. The Plan denied Plaintiff's application for disability benefits on December 8, 2010, as he had not yet applied for Social Security benefits, but granted him an Early Retirement. *See id.* at ¶ 13. Plaintiff then applied for Social Security Disability Insurance benefits. *Id.* at ¶ 12. On November 18, 2011, a Social Security Administrative Law Judge found that Plaintiff had been continuously totally and permanently disabled since October 30, 2003. *Id.* at ¶ 14. On December 13, 2011, Social Security issued an Award Letter finding plaintiff entitled to retroactive disability benefits beginning in January of 2009. *Id.* at ¶ 15. Plaintiff provided a copy of the award letter to Defendant Pension Plan, and received an adjustment of benefits back to January 2009. *Id.* at ¶ 16. Plaintiff disputed the Plan's recalculation, which Defendant construed as an appeal. The appeal was denied on March 8, 2012. *Id. at* ¶¶ 17-18.

The parties now dispute the meaning of Section 4.1(d) of the Plan Document, which provides:

> Benefit Period for Both Plan A and Plan B Disability Benefits. Benefits shall commence on the date that Social Security disability benefits first become payable to the employee as a result of the same disabling condition.
> . . .

ORDER
PAGE - 2

Dkt. #20-1, Ex. A at Section 4.1(d). The parties specifically dispute when SSDI benefits became "payable."[1]

### III. DISCUSSION

**A. Legal Standard on Summary Judgment**

Summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In ruling on summary judgment, a court does not weigh evidence to determine the truth of the matter, but "only determine[s] whether there is a genuine issue for trial." *Crane v. Conoco, Inc.*, 41 F.3d 547, 549 (9th Cir. 1994) (*citing Federal Deposit Ins. Corp. v. O'Melveny & Meyers*, 969 F.2d 744, 747 (9th Cir. 1992)). Material facts are those which might affect the outcome of the suit under governing law. *Anderson,* 477 U.S. at 248. The parties agree that there are no disputed material facts and that this matter is appropriate for disposition on the instant cross-motions.

**B. Standard of Review Applicable to this ERISA Dispute**

The parties agree that the appropriate standard of review for the instant matter is abuse of discretion. Under this standard, the Court essentially determines whether the decision of the pension Trustees was arbitrary and capricious. *Canseco v. Construction Laborers Pension Trust for So. Cal.*, 93 F.3d 600, 605 (9th Cir. 1996). The question "is not 'whose interpretation of the Plan documents is most persuasive, but whether the Trustees' interpretation is unreasonable." *Id.* at 606 (quoting *Winters v. Costco Wholesale Corp.*, 49 F.3d 550, 553 (9th

---

[1] It is not clear whether Plaintiff initially alleged relief based on an equitable estoppel theory, *see* Dkt. #1; however, Defendant moved for summary judgment on the basis that Plaintiff could not succeed under such a theory. Dkt. #20 at 7-10. Plaintiff concedes that he cannot meet the required elements under an equitable estoppel theory. Dkt. #23 at 1. Therefore the Court dismisses Plaintiff's claims to the extent they were based on such a theory and will not address it further herein.

ORDER
PAGE - 3

Cir. 1995). The Trustees' interpretation of the plan terms will only be found to have been an abuse of discretion when the interpretation is illogical, implausible or without support from inferences that may be drawn from the facts in the record. *Salomaa v. Honda Long Term Disability Plan*, 637 F.3d 958, 967 (9th Cir. 2011) (citations omitted).

### C. Interpretation of Section 4.1(d)

As noted above, on December 13, 2011, Social Security issued an Award Letter finding plaintiff entitled to retroactive disability benefits beginning in January of 2009. Dkts. #18, Ex. H and #20-1, Ex. E. Plaintiff provided a copy of the award letter to Defendant Pension Plan, and received an adjustment of benefits back to January 2009. Dkts. #18, Ex. I and #20-1, Ex. F. Plaintiff appealed that decision, seeking benefits back to the date he became permanently disabled. Dkt. #18, Ex. J. On March 8, 2012, Defendant denied the appeal, stating:

> The Board of Trustees of the Western States Insulators and Allied Workers Pension Plan reviewed your request for appeal on the referenced date. Please be advised that the Board of Trustees denied your request.
>
> Based on the information the rules of the Plan were properly applied.

Dkt. #18, Ex. L. Internal documents further reflect the basis for this decision:

> **Denial Rationale:** Plan Document, Section 4.1(d) allows disability benefits to commence on the date Social Security disability benefits become payable.

Dkt. #18, Ex. K.

As an initial matter, Plaintiff asks the Court to find that the Trustees abused their discretion because they failed to explain the reasons for their denial. Plaintiff acknowledges that the Trustees found that the rules of the Plan had been properly applied, but argues that this "falls far short of a specific explanation with references to specific plan provisions," as required by statute. Dkt. #26 at 1-2. It is true that the denial lacks specific references. However, the

ORDER
PAGE - 4

Ninth Circuit has explained that minor procedural errors do not change the standard of review, and that courts will typically defer to the plan administrator unless the procedural defect is so egregious as to reduce such deference such as a conflict of interest. *See Abatie v. Alta Health & Life Ins. Co.*, 458 F.3d 955, 971-72 (9th Cir. 2006). Defendant's failure to cite to specific plan provisions does not rise to such a level that this Court would find an abuse of discretion, particularly where, as here, Defendant provided Plaintiff with an explanation of how it determined his benefits, provided him with the means to appeal the decision, and then ultimately informed him that the benefits had been properly calculated under the Plan. Accordingly, the Court does not find an abuse of discretion for Defendant's failure to cite to specific Plan provisions in its denial letter.[2]

The Court further finds that the Trustees' decision was not unreasonable under these circumstances. The Trustees read the plan documents under the plain meaning of the word "payable," which means monies that may, can or must be paid. *See* www.merriam-webster.com/dictionary/payable, last visited March 4, 2015. The Trustees acknowledged that Mr. Dana had received Social Security benefits beginning in January of 2009 and made his pension disability benefits retroactive to the same date. While the Trustees' interpretation of the word "payable" may not be the only interpretation of that word, this Court cannot say that the interpretation went against the plain meaning of the Plan Document or that it was illogical, implausible or without support from inferences that may be made from the facts in this record. *Salomaa*, 637 F.3d at 967.

---

[2] Defendant is cautioned that future statutory violations of this nature may not result in the same deference by the Court, and Defendant would be better served by including the required citations in future letters.

ORDER
PAGE - 5

Plaintiff also urges this Court to find that the Trustees abused their discretion because the terms of the Plan Document and the Summary Plan Description ("SPD") conflict. Specifically, Plaintiff notes that the Plan Document applies the "payable" limitation to both Plan A and Plan B benefits, while the SPD notes the same limitation only with respect to Plan B.[3] Dkt. #17 at 8. Plaintiff also argues that because the Plan provides that employees must apply for Workers Compensation Benefits <u>and/or</u> Social Security disability benefits prior to applying for pension disability benefits, that led him to delay his application for Social Security benefits until after he worked through the state compensation benefits program, which has now worked to his detriment. Dkt. #26 at 2-3. However, Plaintiff's argument is belied by his own deposition testimony. Indeed, Plaintiff has testified that the reason he did not apply for Social Security benefits until 2010 was because of erroneous representations by Social Security representatives and because he was still hoping to return to work at some point, not because of confusion over the Plan requirements. Dkt. #20-1, Ex. G at 16:21-17:12. Further, the United States Supreme Court has determined that the SPD is not part of the Plan Document and any conflict between the two is controlled by the Plan Document. *See Cigna v. Amara Corp.*, __ U.S. __, 131 S. Ct. 1866, 1878, 179 L.Ed.2d 843, 855-56 (2001) (concluding that "the summary documents, important as they are, provide communication with beneficiaries *about* the plan, but that their statements do not themselves constitute the *terms* of the plan" (emphasis in original)). For all of these reasons, the Court finds that the Trustees did not abuse their discretion, and Mr. Dana's claims are denied.

### IV.   CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS:

---

[3] Only Plan A benefits are at issue in this case. Dkt. #18, Ex. M.

ORDER
PAGE - 6

1. Plaintiff's Motion for Summary Judgment (Dkt. #17) is DENIED.

2. Defendant's Motion for Summary Judgment (Dkt. #20) is GRANTED.

3. Plaintiff's claims are dismissed in their entirety and this case is now CLOSED.

DATED this 9 day of March 2015.

_____
RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE